# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**TRACEY LIN MORIN,**

Debtor.

Case No. **16-60426-7**

## *MEMORANDUM OF DECISION*

At Butte in said District this 7th day of October, 2016.

In this Chapter 7 case, after due notice a hearing was held at Missoula on October 6, 2016, 20, 2006, on the Motion for relief from the automatic stay filed on July 19, 2016, by creditor Carey Law Firm, P.C. ("Carey").  The Debtor filed an objection, and was represented at the hearing by attorney Edward A. Murphy ("Murphy") of Missoula, who argued that Carey's Motion is moot because Carey has filed a Proof of Claim in this case.  Carey was represented by attorney Eric Edward Nord ("Nord") of Crist, Krogh & Nord, PLLC, of Missoula in support of its Motion, which Nord argued seeks simply to obtain relief from the stay to complete a ministerial act of finalizing an arbitration between the parties, and to allow Carey to have the award confirmed by the Montana State District Court for Missoula County.  The Trustee Richard J. Samson filed a "Notice of Withdrawal of Consent" on October 5, 2016, but appeared at the hearing and stated that he consents to Carey's Motion based upon Nord's assurance that Carey would release any judicial lien it might obtain by judgment awarded with respect to property of the estate and the Trustee.  No testimony or exhibits were admitted.  The Court heard argument from counsel, after which the Court deemed the matter submitted and took it under advisement. After review of the record and applicable law, Carey's Motion to Modify Stay will be denied in

1

the Court's exercise of its discretion.

This Court has exclusive jurisdiction in this Chapter 7 bankruptcy case under 28 U.S.C. § 1334(a). Cary's Motion to Modify Stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

The material facts are not in dispute. The Debtor Tracey Lin Morin ("Morin" or "Debtor") and Carey, by agreement, participated in an arbitration, which meanwhile stayed a lawsuit between the parties. The Arbitrator entered a decision in favor of Carey and awarded damages against Morin. Before the Arbitrator entered a judgment to be submitted to the Montana State District Court, Morin filed a Chapter 7 petition on May 5, 2016, and the automatic stay of 11 U.S.C. § 362(a) took effect and stayed a final judgment from the Arbitrator.

On June 2, 2016, Debtor filed her Schedule F listing Carey as a creditor with an unsecured, nonpriority claim in the amount of $850,000 based on the arbitration award. Debtor listed Carey's claim as contingent, unliquidated, and disputed.

Carey filed its Motion to Modify Stay on July 19, 2016. The Debtor filed objections, including supplemental objections. Carey filed replies. Both parties have filed briefs, which the Court has reviewed.

On September 19, 2016, Carey filed Proof of Claim No. 3 asserting an unsecured, nonpriority claim in the amount of $867,370.93 based on the arbitration award. Attached to Carey's Proof of Claim is a 37-page copy of the Arbitrator's findings of fact, conclusions of law, and final order. To date, no objection to allowance of Carey's Proof of Claim has been filed by the Debtor.

On October 7, 2016, Carey initiated Adversary Proceeding No. 16-00057 by filing a complaint against the Debtor. The complaint seeks exception of Carey's claim from Debtor's discharge under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6), and seeks denial of Debtor's

discharge under 11 U.S.C. §§ 727(a)(2), 727(a)(4)(A), and 727(a)(6)(A). The time for filing an answer has not expired.

## DISCUSSION

Carey's Motion is based upon § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in *In re Westco Energy, Inc. ("Westco")*, 18 Mont. B.R. 199, 211-12 (Bankr. D. Mont. 2000):

> Section 362(d), however, provides that, "[on request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay" in three instances. The subsection relevant to these proceedings is § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause".[1] What constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166. *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion. *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20

---

[1] Section 362(d)(1) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section , such as by terminating, annulling, modifying, or conditioning such stay–

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

Relief from stay proceedings are handled in a summary fashion. The Ninth Circuit Bankruptcy Appellate Panel explained:

> Relief from stay proceedings such as the one brought by Wells Fargo are primarily procedural; they determine whether there are sufficient countervailing equities to release an individual creditor from the collective stay. One consequence of this broad inquiry is that a creditor's claim or security is not finally determined in the relief from stay proceeding. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740–41 (9th Cir.1985) ( "Hearings on relief from stay are handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing."); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir.1994) ("We find that a hearing on a motion for relief from stay is merely a summary proceeding of limited effect...."); *First Fed. Bank v. Robbins (In re Robbins)*, 310 B.R. 626, 631 (9th Cir. BAP2004).

*Veal v. Amer. Home Mortg. Serving, Inc. (In re Veal)*, 450 B.R. 897, 914 (9th Cir. BAP 2011).

A party seeking relief need only establish that it has a colorable claim to enforce a right against property. *In re Edwards*, 454 B.R. 100, 105 (9th Cir. BAP 2011), citing *Veal*. In the instant case Carey does not seek to enforce a right against property. Carey is not a mortgagee. Its attorney Nord repeatedly stated on the record that Carey will not assert judicial liens against property of the estate with respect to the Trustee if relief from the stay is granted.

Carey must establish a prima facie case that cause exists for relief under § 362(d)(1). *United States of America v. Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996).

Once a prima facie case has been established, the burden shifts to the Debtor to show that relief from the stay is not warranted. *Id.*

At the hearing Nord argued that judicial economy would best be served by granting Carey's Motion and lifting the stay so that the Arbitrator can issue a final judgment, which Nord can submit to the Montana State District Court. This Court disagrees that such a process would further the policy of judicial economy. There is no showing or suggestion of the length of time it would take for the Arbitrator to complete the final judgment; how long it would take the Montana State District Court to complete its review; or how long it would take for any appeal by the Debtor to the Montana Supreme Court to become final. In the meantime, Carey's adversary proceeding against the Debtor in this Court would remain pending unless this Court proceeded ahead without waiting for the state court proceedings to conclude. That process would require the Debtor to incur the expense of parallel proceedings.

Nord's suggestion that the state court proceedings would further judicial economy because of the preclusive effect of a final state court decision is not persuasive. Neither the Arbitrator nor state courts have jurisdiction over the Bankruptcy Code's provisions governing objection to discharge or exception to dischargeability. This Court would have to undertake a detailed analysis of any state court findings and conclusions to determine whether principles of preclusion apply.

On the other hand, if this Court denies Carey's Motion then its adversary proceeding against the Debtor can proceed without delay. If the Debtor elects to file an

5

objection to allowance of Carey's Proof of Claim No. 3 under 11 U.S.C. § 502, then that contested matter may be combined with Adversary Proceeding No. 16-00057 for trial and decisions in a single proceeding, rather than in three possible additional proceedings in arbitration, state district court and the Montana Supreme Court before returning to the Bankruptcy Court.

Based upon the policy of judicial economy, the absence of security interests, the burden to the Debtor from the expense of participating in multiple proceedings, and the ability of this Court to hear and determine allowance of Carey's claim and issues of discharge and dischargeability without delay, the Court finds that the Debtor satisfied her burden of proof under 11 U.S.C. § 362(g)(2) to show that the stay should not be lifted. *First Interstate Bank of Billings v. Interstate Distrib. Co., Inc. (In re Interstate Distributing Co., Inc.)*, 13 Mont. B.R. 86, 89 (D. Mont. 1993); *In re Mittlestadt*, 20 Mont. B.R. 46, 52 (Bankr. D. Mont. 2002); *In re Hungerford*, 19 Mont. B.R. 103, 133-34 (Bankr. D. Mont. 2001). This Court exercises its discretion and denies Carey's Motion for relief from the stay. *Mataya v. Kissinger*, 72 F.3d at 108-109.

**IT IS ORDERED** a separate Order shall be entered sustaining Debtor's objection and denying Carey Law Firm's Motion for relief from the automatic stay, filed July 19, 2016.

/s/ Ralph B. Kirscher
Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge